The People of the State of Illinois, Plaintiff-Appellee, v. Lonnie Lee Shoemaker, Defendant-Appellant.

(No. 75-12;

Fifth District—September 2, 1975.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

The defendant, Lonnie Shoemaker, was indicted for burglary in St. Clair County. After a bench trial, he was found guilty of theft and sentenced to a term of 1 year imprisonment. On appeal defendant alleges solely that his acquittal of burglary precluded conviction of theft since theft is not an included offense of burglary. The People have confessed error to the defendant's argument. We accept the People's confession of error and are also of the opinion that a defendant charged with burglary in a single count indictment cannot be convicted of theft, under that indictment.

The pertinent language of the single count·indictment alleged that: "* * * Lonnie Lee Shoemaker committed the offense of burglary in that he did without authority knowingly enter the residence of A. J. DeAntoni located at 105 North Illinois, Belleville, Illinois, with the intent to commit therein a theft * * *."

■■ Although a defendant may be convicted of a lesser included offense under an indictment for the greater offense (*People v. Ostrand*, 35 Ill.2d 520, 221 N.E.2d 499 (1966); *People v. Washington*, 132 Ill.App.2d 616, 270 N.E.2d 436 (1971)), it is necessary that the greater offense include every element of the lesser offense plus other elements. (Ill. Rev. Stat. 1973, ch. 38, par. 2—9(a); *People v. Higgins*, 86 Ill.App.2d 202, 229 N.E. 2d 161 (1967).) A conviction for a lesser offense under an indictment charging only the greater offense cannot stand if the greater offense does not contain all the elements of the lesser included offense. *People v. King*, 34 Ill.2d 199, 215 N.E.2d 223 (1966).

■■ The gravamen of burglary is the unauthorized entry into a building with the intent to commit therein a felony or theft. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(a); *People v. Borden*, 84 Ill.App.2d 442, 228 N.E. 2d 248 (1967).) The offense is complete upon entry with the accompanying intent; it is not necessary to allege or prove that anything was taken. (*People v. Morris*, 7 Ill.App.3d 1055, 289 N.E.2d 73 (1972).) The gravamen of theft is obtaining or exerting unauthorized control over property of the owner with the intent to permanently deprive him of the use or benefit thereof. Ill. Rev. Stat. 1973, ch. 38, par. 16—1; *People v. Dickerson*, 21 Ill.App.3d 977, 316 N.E.2d 519 (1974).

■■ Either offense may be proved without proof of essential elements of the other. We find that the two offenses are distinct and the single-count burglary indictment will not support a theft conviction.

The judgment of the Circuit Court of St. Clair County is reversed.

Reversed.

JONES, P. J., and EBERSPACHER, J., concur.