THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HIGINIO MUNOZ, Defendant-Appellant.

First District (2nd Division)    No. 80-2217

Opinion filed November 3, 1981.

Patrick G. Reardon, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Ruth Stern Geis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

The defendant, Higinio Munoz, was charged by information with the offense of burglary. Prior to trial, defendant filed a motion to suppress evidence. After an evidentiary hearing, the trial court denied defendant's motion, holding that the arresting police officers had probable cause to enter defendant's apartment. Defendant then filed a written motion to reconsider, which was also denied by the trial court. Thereafter, the parties agreed to a bench trial on stipulated facts. The trial court then found defendant guilty of theft and sentenced him to a penitentiary term of two years. On appeal, defendant claims only that the trial court erred in denying his motion to suppress.

We initially disposed of this matter, pursuant to Supreme Court Rule 23 (73 Ill. 2d R. 23), reversing defendant's conviction since the investigating police officers' warrantless, nonconsensual entry of defendant's residence could not be justified on the basis of exigent circumstances. Because defendant's conviction for theft was based solely on the presence of the burglary proceeds found in his apartment during that illegal search, we concluded that his conviction could not stand in view of the fact that such evidence should have been suppressed pursuant to defendant's motion. In its petition for rehearing, the State contends that, since only one of two identifications of the physical proceeds of the theft should

have been suppressed, defendant's conviction should have been vacated and remanded for a new trial rather than granting defendant an outright reversal.

At the hearing on defendant's motion to suppress, police investigator Kenneth Restis stated that on March 17, 1980, the complaining witness, Janos Czifra, reported that his apartment had been burglarized that morning. Two days later, Officer Restis and his partner went to the complaining witness' residence and interviewed him. During that interview, the complainant gave Officer Restis a verbal description of a missing television set and a photograph of the missing stereo system.

The police officer then showed the photograph to the apartment building manager. The manager informed the officers that he had observed the stereo and a small portable television in defendant's apartment on the day of the burglary and that defendant's apartment was in the same complex. The two police officers and the manager then went upstairs to defendant's apartment. Officer Restis knocked on the apartment door and, according to Restis, he then heard noises from inside the apartment which sounded like a person moving about and a door being opened. Officer Restis again knocked on the door, called defendant's name and announced his office. After receiving no answer, the manager opened defendant's door with his passkey. Without an arrest or search warrant, Officer Restis and the manager entered but observed no one there at the time. However, in the front room the two men observed the stolen television and stereo sets. The complainant was then brought to defendant's apartment, and complainant identified the property.

On cross-examination, Officer Restis admitted that it was possible the noises he had heard came from somewhere other than defendant's apartment. After hearing this testimony and the arguments of counsel, the court denied defendant's motion to suppress the items seized.

In support of its assertion that defendant's conviction should have been vacated and remanded for a new trial, the State calls attention to the fact that the physical objects taken in the theft were never introduced into evidence; that defendant's conviction was based upon the complainant's identification of those articles, which should have been suppressed, and the building manager's identification of those same goods; and that, prior to the illegal search, but shortly after the theft had occurred, the building manager observed the proceeds of the theft in defendant's apartment. The State argues that, since the building manager's identification of those articles took place prior to the illegal search, such testimonial evidence was obviously admissible. For this reason, the State further maintains that such testimonial evidence is sufficient evidence on which to base defendant's conviction for theft.

■■ However, the State failed to introduce any evidence which would

have indicated that the building manager was able to properly identify the missing television and stereo sets. For example, there was no testimony to the effect that these articles possessed any unique characteristics. Nor did the State demonstrate that the building manager was aware of the serial numbers of these items. Accordingly, we cannot conclude that defendant's conviction for theft can be based solely on the building manager's identification.

■■ Moreover, defendant was convicted upon circumstantial evidence alone. Therefore, it is evident that the trier of fact inferred from the presence of burglary proceeds in defendant's residence that defendant had committed theft in that he had exerted unauthorized control over the complainant's property. In *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, our supreme court concluded that a similar burglary inference violated the due process rights of the defendant where the State failed to introduce other evidence corroborating defendant's guilt. Since the State did not introduce other corroborating evidence in the present matter, we must conclude, in light of *Housby*, that defendant cannot be convicted of theft by the use of a similar inference.

■■ ■ In addition, defendant was charged by information with the offense of burglary, not theft; however, he was convicted of theft. Such a finding operates as an acquittal on the burglary charge. (See *People v. Gray* (1977), 69 Ill. 2d 44, 51-52, 370 N.E.2d 797.) Furthermore, since theft is not a lesser-included offense of burglary (*People v. Heard* (1980), 80 Ill. App. 3d 701, 707-08, 400 N.E.2d 65), the trial court erred when it convicted defendant of the former offense. See *People v. Kimble* (1980), 90 Ill. App. 3d 999, 1001, 414 N.E.2d 135.

For these reasons defendant's conviction is reversed, and the State's petition for rehearing is denied.

Judgment reversed; petition for rehearing denied.

HARTMAN, P. J., and DOWNING, J., concur.