THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SHELVIN AUGUSTUS JOHNSON, Defendant-Appellant.

Fourth District   Nos. 17220, 17221 cons.

Opinion filed February 11, 1982.

Daniel D. Yuhas and Gary Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service. Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Following two separate jury trials in the circuit court of Champaign County, defendant, Shelvin Johnson, was convicted on March 10, 1981, and April 16, 1981, of separate burglaries in our cases numbered 17220 and 17221. He received respective concurrent sentences of 4 years' and 7 years' imprisonment. The cases have been consolidated on appeal.

In case No. 17220, defendant challenges his conviction on the grounds that (1) he was not proven guilty beyond a reasonable doubt, and (2) the trial court erred by refusing to instruct the jury that theft is an included offense of burglary under the facts of the case. If his conviction in case No. 17220 is reversed, then defendant contends that his sentence in case No. 17221 must be set aside and the case remanded for a new sentencing hearing because the sentencing judge was influenced by the prior conviction in No. 17220 in imposing sentence. For the reasons which follow, we affirm the burglary conviction in case No. 17220 and therefore do not need to remand case No. 17221 for resentencing.

In case No. 17220, the State claimed defendant had burgled the residence of William Hughes on November 17, 1980. Hughes testified he was absent from his residence on that date and when he returned, he discovered that several doors to his residence had been forcibly opened and numerous items were missing. At trial Hughes identified a stopwatch, a Hamilton railway watch, and a box of cartridges as items taken from his home. Hughes' daughter testified she had been watching her father's home. She stated she had checked the house at 4 p.m. on November 17, 1980, and found nothing unusual, but on the 18th, doors to the house were open and items were missing. Brian Hockings, a Champaign police officer, testified he saw defendant exit a red van at 8:50 p.m. on November 18, 1980. Hockings stated that he then took defendant to a police station and inventoried the items in defendant's possession. These items included the stopwatch and the Hamilton watch identified by Hughes. Hockings stated that defendant told him that he had purchased these items and could produce receipts for them.

Defendant testified that he bought the watches for $10 from a friend of his on the evening of November 17. He stated he assumed the watches were stolen when he bought them as they were being sold for only $10. He did not produce a receipt for the items. Defendant denied having committed the burglary.

At trial, the following instruction was given to the jury:

"If you find that the defendant had exclusive possession of recently stolen property, and there is no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by burglary."

The inference stated in the instruction and defendant's attempted explanation for the possession of the watches were the items of proof which supported defendant's burglary conviction. In *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, the supreme court stated the inference may properly be applied if: (1) there is a rational connection between the accused's recent possession of property stolen in the burglary; (2) his guilt of burglary is more likely than not to flow from his recent, unexplained and exclusive possession of burglary proceeds; and (3) there is evidence corroborating the accused's guilt.

In the instant case we deem all three *Housby* requirements to be met. The fact that the possession was so recent after the burglary supports the rational connection and the likelihood that the burglary flows from the possession. The inference is corroborated by the explanation given by defendant which the jury could disbelieve. The jury could have found that defendant would have produced a receipt for the items if he actually had one. When he failed to produce one at trial and failed to give any explanation for not having one the jury could have concluded that he did not have a receipt and had not been telling the truth.

■■ The *Housby* court stated that sufficient corroboration is presented where defendant himself presents an explanation of possession that the jury reasonably finds to be false. The theory that a false explanation by defendant would be corroborative evidence is supported by McCormick, Evidence §273, at 660 (2d ed. 1972), where it is stated:

> "A party's failure to produce evidence when he is free to produce or withhold, may as we have seen in the preceding section be treated as an admission. As might be expected, wrongdoing by the party in connection with his case, amounting to an obstruction of justice is also commonly regarded as an admission by conduct. By resorting to wrongful devices he is said to give ground for believing that he thinks his case is weak and not to be won by fair means. *Accordingly, a party's false statement about the matter in litigation, whether before suit or on the stand * * * are instances of this type of admission by conduct.*" (Emphasis added.)

■■ This case differs from *People v. Phoenix* (1981), 96 Ill. App. 3d 557, 421 N.E.2d 1022, where the reasonable possibility that the property had been taken by others and sold to defendants precluded defendants' guilt of burglary from being inferred. There, defendants did not present any explanation of possession to the jury, but a defense witness testified that a man named Doug sold the rototiller, the item stolen in the burglary, to one of the defendants for $10. In the present case defendant testified presenting an explanation of the possession which the jury could have found to be false. Accordingly, in *Phoenix*, unlike here, there was no testimony or statements by a defendant which the jury could determine to

be false and, therefore, consider as a corroborating factor. Also, here, no other evidence was presented to corroborate defendant's explanation. The evidence presented here was sufficient to find defendant guilty of burglary beyond a reasonable doubt.

■■ The defendant also contends the court erred in refusing to instruct the jury that theft is an included offense of burglary under the facts of this case. However, it is well recognized that theft is not an included offense of burglary by definition. Burglary does not require a taking and theft does not require an entry. (*People v. Shoemaker* (1975), 31 Ill. App. 3d 724, 334 N.E.2d 347.) Defendant's argument appears to be that under the circumstances where the jury is instructed pursuant to the inference arising from the exclusive possession of recently stolen property, it is unnecessary for the prosecution to establish the elements of the offense beyond a reasonable doubt because the jury is allowed to infer an accused guilty of burglary if it finds that he had unexplained exclusive possession of recently stolen property. Under those circumstances, defendant claims theft then becomes an included offense of burglary.

■■ The possibility that a defendant may be entitled to an instruction that one offense is an included offense of another if, under the evidence presented, the crime is included in the one charged and the evidence is sufficiently in dispute so that the jury may consistently find the defendant not guilty of the offenses charged but guilty of the one not charged was discussed in *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189. That court concluded that it was not required to rule on that issue in that case and declined to do so. Here, the defendant merely indicated that he wished for such an instruction to be given, but did not tender any such instruction. Even if the instruction may be required under certain circumstances, we cannot pass upon the requirement for the instruction in this case without knowing the form the instruction would take. Accordingly, we deem the issue to have been waived and likewise refrain from passing upon the proposed expansion of the included offense theory.

The judgment in case No. 17220 is affirmed. As that judgment has been affirmed, there is no need to remand for resentencing case No. 17221, and the sentence there is affirmed.

Affirmed.

LONDRIGAN and TRAPP, JJ., concur.