THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GUY McCREARY, Defendant-Appellant.

Second District   No. 83—2

Opinion filed May 2, 1984.

George P. Lynch, of Chicago, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

In a jury trial, the defendant, Guy McCreary, was convicted of residential burglary and theft of property of a value in excess of $300. He was sentenced to concurrent terms of eight years' imprisonment for residential burglary and three years' imprisonment for felony theft. He appeals, contending that the offenses of burglary and theft involve the same physical act, that he was not proved guilty of residential burglary beyond a reasonable doubt, that the jury verdict was insufficient to convict him of felony theft, and that various rulings on the admission of evidence denied him a fair trial.

The charges arose from the taking of approximately $330 from a container located in the home where defendant's sister, Kelly McCreary, and her fiance, Wade Young, lived.

I

■ The record fully supports the conviction of the offense of residential burglary. (Ill. Rev. Stat. 1981, ch. 38, par. 19—3(a).) Defendant argues principally that he did not go into the house when Robert J. Browne, codefendant, separately tried, broke into the house and took the coins; that he was not shown to be accountable for Browne's action in breaking in. The record is otherwise. The defendant was in the residence earlier in the day to visit his sister and saw Young counting the money which he kept in a water jug. There was testimony that defendant was aware that his sister and her fiance were to drive into Chicago later in the day to order a wedding cake. There was some conversation that he was to accompany them as they did not know the way. They drove into Chicago without him. In the afternoon he drove Browne to the house and himself knocked on the front door. According to defendant's statement, Browne told him to wait for him in the car. Defendant was "not sure" whether he went into the house himself. Entry was gained by Browne by breaking a rear window. Defendant was in the car when Browne came out with the money in the water container. Defendant accompanied Browne to a grocery store and himself secured the paper bags. He then drove the car with Browne as a passenger to a bank after first, with Browne, dumping the money into the bags. The defendant went into the bank

and secured paper money for the coins. Later in the car Browne either gave him part of the money or defendant took it before giving it to Browne. Defendant threw the jug which had contained the coins into a dumpster.

Defense counsel sought to advance the theory that the State had failed to prove that defendant was not authorized to go into the house, and also that there was not proof beyond a reasonable doubt that defendant had the intent to commit a felony or a theft. (See *People v. Weaver* (1968), 41 Ill. 2d 434, 439.) Based on his sister's testimony to the effect that defendant "was supposed to come back to the house that day," he argues that his presence was thereby explained and that his acts following the taking were not proof of burglary. We cannot agree. First, the jury could infer that the sister's testimony was in reference to the fact that defendant was to return to drive them into Chicago at an earlier time. In addition, Young testified that defendant did not have authority and defendant in his statement admitted this. Defendant's subsequent acts were also circumstantial evidence of his participation in the entire scheme. The jury could properly infer from the evidence that defendant was an accomplice to the burglary. See *People v. Davis* (1977), 54 Ill. App. 3d 517, 524.

## II

■■ The bank teller testified that the person who said he was Guy McCreary brought in $298.63 in coins. Young testified that there was approximately $330 in the jug, and this included "thirty some" dollars in bills. He said that in the morning when he was counting the money he gave $4 to defendant. The jury was instructed on both the definition of misdemeanor theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1)) and felony theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(3)). Under the issues instructions the jury was informed that proof of value of over $300 was required to find the defendant guilty of "theft." However the verdict furnished to the jury and which they returned found the defendant "[g]uilty of the offense of Theft." A separate verdict of "[n]ot guilty of the offense of theft under $300" was submitted to the jury and returned.

The defendant argues that the two verdicts were conflicting and ambiguous so that the failure of the jury to specify whether the defendant was found guilty of theft of property with a value greater than $300 (particularly in light of the fact that the value of the property was contested) was insufficient to prove guilt of the felony theft beyond a reasonable doubt.

Defendant's counsel failed to object to the verdict forms which

were submitted by the State. The rule of waiver does not apply where instructions are so contradictory that the jury cannot perform its constitutional function. (See *People v. Jenkins* (1977), 69 Ill. 2d 61, 66-67.) In *Jenkins* a mandatory instruction as to the offense of attempted murder was submitted by the State. There was no reference to an essential element of the case, that the defendant was not justified in using the force employed. Another instruction proffered by the defendant and given, did however correctly state that element. The court held that two mandatory instructions containing such a substantial conflict confused the jury and amounted to reversible error. However the failure to give instructions to which a defendant is entitled but does not request will not rise to plain error when the total instructions to the jury together with arguments of counsel apprise them of the missing element. (See *People v. Huckstead* (1982), 91 Ill. 2d 536, 544-45.) In *People v. Tannenbaum* (1980), 82 Ill. 2d 177, the jury was not instructed on the element of felony value nor did the verdict forms reflect that item; and defense counsel did not object nor raise the issue post-trial. The supreme court held that, particularly when value is disputed, the jury should be instructed as to the amount required to prove felony theft. However, since the record clearly established value over the required amount, it was held that no prejudice occurred and that the waiver rule would not be applied. 82 Ill. 2d 177, 182.

The omission of value on the felony verdict form here would not appear to be a *Jenkins* class of error. The issues instruction states that proof over $300 in value is necessary to find defendant guilty of theft; and since the jury found the defendant not guilty of theft under $300 it does not appear to have been misled or confused by the failure to include the $300 figure in the theft verdict. It was obviously intended that the verdict was for felony theft, and it appears that the jury while deliberating sent a note to the judge which was apparently not answered in which they asked if they needed to find the defendant guilty of theft under $300 if they decided his guilt as to "theft."

The theft verdicts also were not subject to defendant's assertion of their inconsistence. The only issue is whether the verdict of guilt is supported by the evidence and neither legal nor logical consistency is required in assessing guilty and not guilty verdicts. (*People v. Lavas* (1983), 113 Ill. App. 3d 196, 198.) We conclude that the form on which the guilty verdict was returned does not rise to the level of plain error under all the circumstances so as to justify an exception to the rule of waiver.

## III

■ Defendant's argument that the convictions for residential burglary and for theft were based on the same physical act contrary to *People v. King* (1977), 66 Ill. 2d 551, is based on the premise that defendant was not accountable for the entry into the house and was only involved to the extent he went to the bank with the codefendant and converted the coins into currency. As we have previously indicated, the jury could properly and did find otherwise. Theft is not an included offense of burglary, and each has elements not included in the others so that multiple convictions of theft and burglary are not contrary to the doctrine of *King*. See *People v. Baker* (1978), 57 Ill. App. 3d 401, 404-05.

## IV

Defendant argues that several rulings on evidence deprived him of a fair trial:

■ A. He first contends that he was denied due process because hearsay identifications were utilized against him as substantive evidence. The claim of error is based on the fact that the bank teller, Mary Sue Hollingsworth, did not identify the defendant in court as the one who came to her cage and to whom she gave the money. Investigating officers testified that Ms. Hollingsworth identified photographs of the defendant in April of 1982 as the person who had come to her in the bank. There was also evidence on a prior occasion that Ms. Hollingsworth had identified another person, neither the defendant nor codefendant, as being in the bank with the money. Whether hearsay identification of a defendant without in-court identification is permissible is subject to guidelines set forth by the supreme court in *People v. Rogers* (1980), 81 Ill. 2d 571, 579:

"If a third person were to testify that he saw or heard A identify B as the person who committed the offense, that would obviously and clearly be hearsay testimony and would not be admissible. However, if A testifies that he previously identified B and his veracity is tested by cross-examination, the reason for excluding the third person's testimony has been removed. The third person should then be permitted to testify that he heard or saw A identify B because both A and the third person would be subject to cross-examination concerning the out-of-court identification. Evidence of such out-of-court identification by both A and the third person should be admissible but should be used only in corroboration of in-court identifications and not as substantive evidence. Before the third person is permitted to

testify as to A's identification of B, A should first testify as to his out-of-court identification."

We conclude that the circumstances of this record satisfy the requirement of *Rogers* that the witness should first testify as to his out-of-court identification. Hollingsworth did testify that the man who asked her to exchange the coins for paper currency gave his name as Guy McCreary. She also testified to her out-of-court identification of the man whom she saw and who said he was Guy McCreary. The witness was also present in court and her veracity was tested by cross-examination, which in this case brought out the fact that she had mistakenly identified someone else at one time. Finally, the fact that the witness was unable to make an in-court identification of the defendant as he appeared at the time of trial does not require the conclusion that the officer's testimony amounted to reversible error because it was not in corroboration of an in-court identification. While as previously noted, the witness did not make an in-court identification as such she did identify the person whom she saw and who gave his name as "Guy McCreary." In addition, defendant's statement did confirm the fact that he was present in the bank and gave that name to Ms. Hollingsworth.

The defendant's counsel failed to object to the testimony of the officers at trial. In our review of the issue under the plain-error rule (87 Ill. 2d R. 615(a)), we conclude that, in any event, admission of the hearsay testimony of the officers with reference to Ms. Hollingsworth's identification does not rise to the level of plain error. Defendant's oral and written statements establish that he was the man who changed the money at the bank and showed his participation in the burglary as an accomplice. Further, Ms. Hollingsworth's prior identification and testimony could have had no substantial effect on the jury particularly when it was brought out that she had previously identified another person and was unable to identify the defendant in court.

■ B. Defendant finally argues that he was prejudiced by submission of five photographs to the jury because they were "Mug Shots." He relies on *People v. Murdock* (1968), 39 Ill. 2d 553. In *Murdock*, the supreme court held that photographs that would suggest to the jury that they were "Mug Shots" taken from police files, with no probative purpose for their admission, constituted reversible error.

Here, during the State's case it was shown that on the day following the burglary Ms. Hollingsworth, the bank teller, picked out defendant's photograph from a series of five photographs. There was no objection to this line of questioning and in fact defense counsel on

cross-examination of Ms. Hollingsworth brought up the testimony that at a prior proceeding she had also identified a different photograph. When the State sought to have the five photographs introduced, defense counsel initially objected on the ground that they were irrelevant and prejudicial. The objection was overruled with the court declaring that no photographs would be admitted without the removal of all identifying marks of the Wheaton police department. This was done to the satisfaction of defense counsel, who then stated that he had no objection. The contention was also not raised in the written post-trial motion. On the record before us we find no reason to make an exception to the rule of waiver.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

LINDBERG and HOPF, JJ., concur.