THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VERNETTA GULLEY, Defendant-Appellant.

Second District   No. 2—86—0758

Opinion filed November 18, 1987.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of Elgin, and John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of Ottawa, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Vernetta Gulley, was charged by information filed in the circuit court of Winnebago County with one count of aggravated arson. (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.1(a)(1).) The information charged that she knowingly damaged by means of fire or explosive a building when she knew or should have known that one or more persons were present therein. The building damaged, located at 807 Lincoln Avenue in Rockford, was an older two-story frame house which was divided into an upstairs and downstairs apartment. Both apartments were occupied on the date of the fire, September 4, 1985; the defendant resided upstairs. Following a bench trial, the court found the defendant knowingly damaged the real property by means of fire, but that she did not know the occupants of the downstairs apartment were present at the time. Because the court believed arson was a lesser included offense of aggravated arson, it entered judgment against her for the offense of arson. She was sentenced to a two-year term of probation, including a 41-day jail term with 41 days' credit for time served.

Defendant raises four issues on appeal, but we consider here only the first: whether her conviction and sentence must be vacated because arson was not a lesser included offense of aggravated arson at the time of the offense. We agree that it must.

■■ Although this issue was not raised by the defendant at trial or in her post-trial motion, we note that the waiver rule which the State urges we apply is a limitation on the parties and not on the court, and a reviewing court may ignore the waiver rule in the interest of substantial justice. (*People v. Treece* (1987), 159 Ill. App. 3d 397, 415.) We believe that interest is present here, particularly where the defendant's conviction for arson was not invited by any argument or conduct on her part. The issue raised here was simply not considered by the parties or the court below. *Cf. People v. Evans* (1980), 87 Ill. App. 3d 714, 716 (where, because the defendant's conviction rested upon the premise that assault was a lesser included offense of robbery, the plain-error doctrine required that the court review the issue).

■■ A detailed recitation of the facts concerning the incident is unnecessary to resolution of the issue. It is well established that an indictment for a particular offense serves as an indictment for all included offenses even though the latter are not specifically set forth in the indictment. (*People v. Zakarian* (1984), 121 Ill. App. 3d 968; *People v. Story* (1983), 114 Ill. App. 3d 1029.) An included offense is one "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1985, ch. 38, par. 2—9(a); *People v. Bryant* (1986), 113 Ill. 2d 497.) For an offense to be a lesser included offense, it must not have any element not included in the greater offense so that it is impossible to commit the greater offense without necessarily committing the latter. (*People v. Hefley* (1982), 109 Ill. App. 3d 74; *People v. Rudd* (1980), 90 Ill. App. 3d 22.) A defendant indicted of one offense cannot be convicted of an unindicted offense which is not a lesser included offense of the offense for which he is charged. (*People v. Harris* (1986), 146 Ill. App. 3d 632; *In re Rivera* (1983), 119 Ill. App. 3d 966; *People v. Hobson* (1979), 77 Ill. App. 3d 22.) In order to sustain a conviction for a lesser offense on an indictment charging only the greater offense, every element of the lesser offense must be included in the greater. *People v. Margiolas* (1983), 117 Ill. App. 3d 363; *People v. Story* (1983), 114 Ill. App. 3d 1029.

The aggravated-arson statute under which the defendant was charged, subsection (1) of section 20—1.1(a) of the Criminal Code of

1961 (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.1(a)(1)), was found unconstitutional on due process grounds in *People v. Johnson* (1986), 114 Ill. 2d 69, and in *People v. Palmer* (1986), 141 Ill. App. 3d 234. The identical language of the aggravated-arson statute in the 1981 Illinois Revised Statutes was found unconstitutional in *People v. Dukes* (1986), 146 Ill. App. 3d 790, which relied on the decision in *Palmer.*

The courts in *Palmer* and *Johnson* each followed the rationale of *People v. Wick* (1985), 107 Ill. 2d 62, which found unconstitutional another subsection of the aggravated-arson statute, subsection (3). (Ill. Rev. Stat. 1983, ch. 38, par. 20—1.1(a)(3).) That is, that subsection (1) of the aggravated-arson statute, like subsection (3) considered in *Wick,* swept too broadly because it punished innocent as well as culpable conduct in setting fires. As the *Wick* court observed: "The unlawful purpose that is required for an act to constitute simple arson—that the offender knowingly damage by fire either property belonging to another without his consent, or any property with the intent to defraud an insurer—is not required for aggravated arson." (*People v. Wick* (1985), 107 Ill. 2d 62, 64.) Thus:

> "[A]rson is not a lesser included offense of aggravated arson, because the *mens rea* required for the lesser offense (arson) is greater than that required for the greater offense (aggravated arson)." *People v. Wick* (1985), 107 Ill. 2d 62, 65.

The court in *Johnson* found the reasoning in its *Wick* decision controlling in finding subsection (1) unconstitutional. (*People v. Johnson* (1986), 114 Ill. 2d 69, 73.) The State's contention in *Johnson* was that the conduct proscribed by subsection (1) could not be innocent conduct since the gist of the offense under that subsection was damaging a building by fire or explosive knowing that one or more persons were present in the building. This contention was rejected, however, since:

> "[T]he flaw in the statute lies in the fact that the underlying conduct which the aggravating factors were meant to enhance was not necessarily criminal in nature. *** [W]e pointed out in *Wick* that the *mens rea* required by the statute of the offense which is supposedly aggravated (arson) to the more serious offense of aggravated arson is greater than that required by the statute defining the aggravated offense." *People v. Johnson* (1986), 114 Ill. 2d 69, 72.

■■ ■ Following the *Wick* decision, the General Assembly amended the aggravated-arson statute by Public Act 84—1100, effective December 9, 1985. The statute now includes all the elements of simple arson in addition to the aggravating factors previously set

forth in the aggravated-arson statute. (Ill. Rev. Stat. 1985, ch. 38, pars. 20—1.1(a)(1) through (3).) The State charged the defendant here, however, with aggravated arson as set forth in the 1983 Illinois Revised Statutes, before the effective date of the amendment, and it is well established that the law in effect at the time of the commission of the crime is controlling. (*People v. Nordenberg* (1935), 362 Ill. 347, 349; *People v. Tennyson* (1979), 75 Ill. App. 3d 341, 346; *People v. DeSimone* (1966), 67 Ill. App. 2d 249, 261.) Thus, because arson was not a lesser included offense of the offense of aggravated arson at the time of the commission of the crime and because, as noted above, one may not be convicted of an uncharged offense which is not a lesser included offense of the offense with which one is charged, defendant's conviction and sentence for arson in the circuit court of Winnebago County are hereby vacated. See *People v. Lekas* (1987), 155 Ill. App. 3d 391, 408-09; *cf. People v. Clark* (1986), 114 Ill. 2d 450, 460 (where defendant's arson conviction merged into his conviction for aggravated arson which was reversed due to unconstitutionality of statute, cause was remanded for sentencing on arson conviction).

Judgment vacated.

LINDBERG, P.J., and INGLIS, J., concur.