THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DENNIS E. MELMUKA, Defendant-Appellant.

First District (4th Division)   No. 87—0169

Opinion filed August 4, 1988.

Paul P. Biebel, Jr., Public Defender, of Chicago (Michael Halloran and Marc Fogelberg, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry and Kim A. Novi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:
Defendant was charged by indictment with the offense of at-

tempted burglary. After a bench trial in the circuit court of Cook County, he was found not guilty of attempted burglary, but found guilty of attempted theft (Ill. Rev. Stat. 1985, ch. 38, par. 8—4), and sentenced to five months' incarceration. Defendant now appeals from that judgment, contending that his conviction must be reversed because attempted theft is not a lesser included offense of attempted burglary. Defendant argues that he cannot be convicted of attempted theft because he was not charged with that offense.

Defendant was arrested after he used a screwdriver to try to pry open a locked door which led into the enclosed common courtyard area of a townhouse complex on the near north side of Chicago. The trial court agreed with defendant's argument that an open, fenced-in area of this type cannot be the subject of burglary. However, the court found defendant guilty of attempted theft. On appeal, defendant disputes the validity of the court's determination.

█▌ ▌ It is well settled that an indictment for a particular offense serves as an indictment for all included offenses, even though the latter are not specifically set forth in that indictment. (*People v. Gulley* (1987), 162 Ill. App. 3d 545, 515 N.E.2d 1309.) However, a defendant charged with one offense cannot be convicted of an uncharged offense which is not a lesser included crime of the offense set forth in the charging instrument. (*People v. Harris* (1986), 146 Ill. App. 3d 632, 497 N.E.2d 177; *People v. Hobson* (1979), 77 Ill. App. 3d 22, 396 N.E.2d 53.) In order to be considered a lesser included offense, all of its elements must be subsumed in the greater offense, so that it is impossible to commit the greater offense without necessarily committing the lesser. *People v. Gulley*, 162 Ill. App. 3d 545, 515 N.E.2d 1309 (and cases cited therein).

Defendant was charged with attempted burglary in that he "with the intent to commit the offense of burglary, without authority, knowingly attempted to enter into a building, to wit: Breton Place Condominium Association, with the intent to commit therein a theft." The record shows that defendant attempted to gain entry through a back door leading to an open courtyard in the center of the complex. At trial, defense counsel argued that this type of open, fenced-in area is not subject to a charge of burglary, and in support of that position cited *In re E.S.* (1981), 93 Ill. App. 3d 171, 416 N.E.2d 1233. In the cited case, the appellate court held that the fenced-in lot which surrounded a body shop was not encompassed within the meaning of the word "building" as set forth in the burglary statute.

In the case at bar, the trial court was persuaded that the holding in *In re E.S.* was applicable to the facts before it, found defendant

not guilty of attempted burglary, but found defendant guilty of attempted theft. Defendant contends that because he was not charged with attempted theft, his conviction of that crime cannot be sustained. For the reasons which follow, we agree.

■ Reviewing courts have generally agreed that theft is not a lesser included offense of burglary (see, *e.g., People v. Dace* (1983), 104 Ill. 2d 96, 470 N.E.2d 993; *People v. McCreary* (1984), 123 Ill. App. 3d 880, 463 N.E.2d 455; *People v. Heard* (1980), 80 Ill. App. 3d 701, 400 N.E.2d 65). A valid conviction for burglary requires proof that defendant, without authority, knowingly entered the subject premises with intent to commit a theft therein. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1; see also *People v. Schmidt* (1987), 161 Ill. App. 3d 278, 514 N.E.2d 494.) The gravamen of the offense of burglary is the unauthorized entry into a defined structure with the intent to commit theft. Unlike the crime of burglary, a valid conviction for theft requires proof that defendant knowingly obtained or exerted control over the property of another with the intent to permanently deprive that person of its use and benefit. (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1); *People v. Shoemaker* (1975), 31 Ill. App. 3d 724, 344 N.E.2d 347.) By definition, burglary does not require a taking, and theft does not require an entry. (*People v. Johnson* (1982), 103 Ill. App. 3d 564, 431 N.E.2d 1381.) Thus, it is apparent that the offenses are distinct (*People v. Shoemaker* (1975), 31 Ill. App. 3d 724, 344 N.E.2d 347), and that theft is not a lesser included offense of burglary. (*People v. Johnson* (1982), 103 Ill. App. 3d 564, 431 N.E.2d 1381; *People v. Heard* (1980), 80 Ill. App. 3d 701, 400 N.E.2d 65.) The fact that an attempted crime is at issue in the case *sub judice*, rather than the commission of the offense, is of no legal significance.

■ Accordingly, we find that the single count of attempted burglary alleged in the indictment in this case cannot support the conviction for attempted theft entered by the trial court. (*People v. Shoemaker* (1975), 31 Ill. App. 3d 724, 344 N.E.2d 347; *People v. Munoz* (1981), 101 Ill. App. 3d 447, 428 N.E.2d 624.) The State has cited no authority to support its assertion that attempted theft is a lesser included offense of attempted burglary, and our research has not indicated any authority for that position. We, therefore, conclude that defendant's conviction for attempted theft cannot be sustained.

The judgment of the circuit court of Cook County is reversed.

Reversed.

JIGANTI, P.J., and LINN, J., concur.