(No. 66087.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GERALD C. SCHMIDT, Appellee.

*Opinion filed December 21, 1988.—Modified on denial of rehearing January 30, 1989.*

Neil F. Hartigan, Attorney General, of Springfield, and Thomas K. Leeper, State's Attorney, of Quincy (Shawn W. Denney, Solicitor General, and Terence M. Madsen, David E. Bindi and Jack Donatelli, Assistant Attorneys General, of Chicago, and Kenneth R. Boyle, Robert J. Biderman and Linda Cullom, of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Patricia G. Mysza, Assistant Defender, both of the Office of the State Appellate Defender, of Springfield, for appellee.

JUSTICE WARD delivered the opinion of the court:

Following the trial of Gerald Schmidt, the defendant, in the circuit court of Adams County, the jury returned verdicts finding him guilty of residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3) and of theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1). He was sentenced to terms of 8 years for residential burglary and 364 days for theft. The appellate court, with one justice dissenting, reversed and remanded for a new trial. (161 Ill. App. 3d 278.) We granted the State's petition for leave to appeal (107 Ill. 2d R. 315).

A one-count information was filed charging the defendant with residential burglary, after his arrest on the back porch of a house in Quincy. At the time of arrest, the defendant was in possession of a number of small pieces of jewelry and several coins taken from the house.

Following the statutory language in the definition of residential burglary, the information read:

"That on or about the 13th day of November, 1985, in Adams County, Illinois, GERALD C. SCHMIDT JR. com-

mitted the offense of RESIDENTIAL BURGLARY in that he knowingly, and without authority, entered into the dwelling place of Donald R. Schuering, located at 2011 Prairie, Quincy, Adams County, Illinois, with the intent to commit therein a theft, in violation of Chapter 38, Section 19—3 of the Illinois Revised Statutes."

As stated, no charge of theft was brought against Schmidt.

At the time of the defendant's arrest, the kitchen window screen on the back porch of the residence was wide open and the window, which showed signs of a forced entry, was partially open. A butter knife was found in the defendant's sock, which later police testimony suggested could have been used to pry open the lock on the kitchen window. Fingerprints lifted from the inside of the window matched those of the defendant.

At trial, the defendant testified that he was in the neighborhood going from door to door looking for work. When he knocked at the door of the residence involved, the defendant stated he saw a man run through the house and leave by the back door. He said that he then went to the back of the house and picked up the small items of jewelry and coins found on his person. The defendant claimed that the burglar had dropped those items in his flight from the scene. The defendant testified that he did not enter the residence, but on cross-examination he was not able to explain the presence of his fingerprints on the inside of the window.

A neighbor testified that she watched a young man of the defendant's description pry open the kitchen window and enter the house. She immediately called the home-owner's office and the police were notified. She later saw the man leave the house through the back door and then stand with his back against the wall of the back porch in an apparent effort to escape notice. Several minutes later she saw him being arrested on the porch.

Police officers identified the defendant as the man they arrested.

The statute defining residential burglary provides that the offense is committed when one "knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." Ill. Rev. Stat. 1985, ch. 38, par. 19—3.

We have no hesitancy in affirming the conviction of residential burglary. The State presented several witnesses, one of whom watched the defendant break into the house and several of whom testified to the defendant's presence and arrest at the scene of the crime. Questions of fact, including the question of the credibility of witnesses, are, of course, for the jury. (*People v. Soukup* (1968), 41 Ill. 2d 94, 97.) A court of review will not set aside a criminal conviction unless the evidence is so unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (*People v. Adams* (1985), 109 Ill. 2d 102, 115; *People v. Bradford* (1985), 106 Ill. 2d 492, 502.) No reasonable doubt of guilt appears upon our review of the evidence.

The conviction for theft, however, was improper and must be vacated. The contentions of the defendant and the State are directed to whether the guilty verdict of theft was inconsistent with the verdict of guilty of residential burglary. Their contentions, however, miss the mark, for there should not have been any verdict regarding theft, as there was no charge of theft. The charge against the defendant was only that he committed residential burglary.

Where an accused is charged with a single offense he cannot be convicted of an offense that was not charged unless the offense of which he is found guilty is a lesser included offense of the one charged. (*People v. Lewis* (1980), 83 Ill. 2d 296, 300; *People v. Harris* (1986), 146 Ill. App. 3d 632, 634.) Theft is not a lesser included of-

fense of burglary. (*People v. Baker* (1978), 57 Ill. App. 3d 401, 405.) This court observed in *People v. Lewis*, 83 Ill. 2d at 300: "The constitution and statutes of this State provide, of course, that no person shall be convicted of an offense which he has not been charged with having committed. (Ill. Const. 1970, art. I, §§2, 7, 8; Ill. Rev. Stat. 1979, ch. 38, pars. 111—3, 113—1, 113—4.)"

*People v. Munoz* (1981), 101 Ill. App. 3d 447, involved a situation closely resembling the one here. In *Munoz*, the trial court found the defendant guilty of theft though the defendant had been charged in a single-count information with the offense of burglary only. The appellate court vacated the conviction of theft, holding that theft was not a lesser included offense of burglary and that, since the defendant was not charged with theft, he could not be convicted of it. (*People v. Munoz*, 101 Ill. App. 3d at 450.) Also directly pertinent is *People v. Melmuka* (1988), 173 Ill. App. 3d 735, 736. There the defendant was indicted for attempted burglary but was found guilty of attempted theft. Reversing the conviction, the appellate court stated:

"It is well settled that an indictment for a particular offense serves as an indictment for all included offenses, even though the latter are not specifically set forth in that indictment. (*People v. Gulley* (1987), 162 Ill. App. 3d 545, 515 N.E.2d 1309.) However, a defendant charged with one offense cannot be convicted of an uncharged offense which is not a lesser included crime of the offense set forth in the charging instrument." (*Melmuka*, 173 Ill. App. 3d at 736.)

Other decisions involving the vacating of convictions for theft when the defendant was not charged with theft include *People v. Kimble* (1980), 90 Ill. App. 3d 999, 1001, and *People v. Yanders* (1975), 32 Ill. App. 3d 599, 602.

In concluding that where an accused is charged with a single offense he cannot be found guilty of an offense

not charged unless it is a lesser included offense, we are not unaware of *People v. Dace* (1984), 104 Ill. 2d 96. We would observe that in *Dace* the fundamental question just stated was not presented to or considered by the court.

The defendant argues too that the cause should be remanded to the appellate court for consideration of his contention that he should have been considered by the trial court for treatment under the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 *et seq.*). The appellate court did not address this question in view of its reversal of the circuit court judgment. There is, in the classic language of rejection, no merit to the contention. Though an examining officer of a program licensed by the Department of Alcoholism and Substance Abuse reported that the defendant was eligible under the statute to elect to receive rehabilitative treatment, the trial court, citing the defendant's extensive criminal record and observing that it strongly questioned the defendant's addiction, denied the request for treatment. A trial court's denial of treatment will not be set aside absent a showing of abuse of discretion by the trial court. *People v. Williams* (1985), 138 Ill. App. 3d 592, 594.

Accordingly, the circuit court judgment of conviction for theft is vacated and the judgment of the appellate court as to the theft conviction is also vacated. The appellate court judgment which reversed the conviction of residential burglary is also reversed.

*Appellate court judgment vacated in part*
*and reversed in part;*
*circuit court judgment vacated in part*
*and affirmed in part.*