No. 3--06--0461

Filed October 7, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CF--616 |
| STEVEN R. POE, | ) ) | |
| Defendant-Appellant. | ) ) | Honorable J. Peter Ault, Judge, Presiding. |

JUSTICE SCHMIDT delivered the opinion of the court:

Defendant, Steven Poe, was convicted of burglary (720 ILCS 5/19--1(a) (West 2004)) and theft (720 ILCS 5/16--1(a)(1) (West 2004)) in the circuit court of Tazewell County. He was sentenced to 4½ years' incarceration on the burglary conviction and 3 years' incarceration for the theft. This timely appeal followed defendant's convictions. Defendant claims, on appeal, that his theft conviction must be vacated as theft is a lesser-included offense of the burglary for which he was charged.

BACKGROUND

On September 21, 2005, defendant was charged by information with theft. The information stated that defendant committed a theft when he "knowingly exerted unauthorized control over property of Heartland Home Improvement, being siding and materials *** with the intent to permanently deprive the owner of the use or benefit of said property" in violation of section 5/16--1(a)(1) of the Criminal Code of 1961 (the Code) (720 ILCS 5/16--1(a)(1) (West 2004)). Then, on October 6, 2005, a grand jury returned a two-count indictment in the matter. Count I was worded exactly the same as the theft count in the original information.

Count II of the grand jury indictment accused defendant of burglary, claiming he "knowingly and without authority entered a building of Lumberyard Suppliers with the intent to commit therein a theft" in violation of section 19--1(a) of the Code. 720 ILCS 5/19--1(a) (West 2004). After bonding out of jail, defendant failed to appear for a number of court hearings and a warrant for his arrest was issued. Ultimately, defendant was tried *in absentia*.

Testimony at trial showed that on September 13, 2005, defendant went to Lumberyard Suppliers in East Peoria, Illinois, and told an employee, James Holloway, that he was supposed to

2

pick up an order for a Heartland Home Improvement customer who was having work done on his house. Holloway printed a "pick ticket" and gave it to defendant to take to the warehouse. Defendant entered the warehouse where Jason Lykins loaded the order, which primarily consisted of siding valued at $1,601.69, onto defendant's truck.

An employee of Heartland Home Improvement, Shayne Diebel, testified that he had hired the defendant. Diebel had called Lumberyard Suppliers and requested a delivery date for a particular job and he was told that the order had already been picked up. Diebel stated that defendant had not been authorized to pick up that order or any other order. The prosecution also presented additional evidence that defendant had committed similar crimes in the past wherein he obtained siding material under false pretenses. A jury found defendant guilty of both burglary and theft.

Defendant was arrested following his convictions and a sentencing hearing was conducted on June 13, 2006. A postsentencing motion was denied on June 19, 2006, and this timely appeal followed. Defendant's sole contention on appeal is that his theft conviction should be vacated.

ANALYSIS

3

Defendant claims that his conviction for theft must be vacated as it is a lesser-included offense of the burglary for which he was convicted. He acknowledges that his trial counsel failed to raise the issue below and that the first time he has raised the issue is on appeal. He argues, however, that "a one-act-one, crime violation should be deemed plain error" under Supreme Court Rule 615(a). 134 Ill. 2d R. 615(a). "Before plain error can be considered as a means of circumventing the general waiver rule, it must be plainly apparent from the record that an error affecting substantial rights was committed." *People v. Precup*, 73 Ill. 2d 7, 17, 382 N.E.2d 227, 231 (1978). Therefore, if no such error was committed below, "the waiver rule precludes us from considering" a question raised by defendant for the first time on appeal. *Precup*, 73 Ill. 2d at 19. We find no error was committed below.

Defendant's convictions do not violate one-act, one-crime principles. Defendant was charged with and convicted of burglary in violation of section 19--1(a) of the Code. 720 ILCS 5/19--1(a) (West 2004). Section 19--1(a) of the Code states as follows, "A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in

4

The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft."  720 ILCS 5/19--1(a) (West 2004).  The indictment filed on October 6, 2005, alleges defendant committed burglary "in that said defendant knowingly and without authority entered a building of Lumberyard Suppliers with the intent to commit therein a theft."

Defendant was also charged with theft in violation of section 16--1(a)(1) of the Code.  Under this section, one commits a theft when he knowingly "obtains or exerts unauthorized control over property of the owner *** and [i]ntends to deprive the owner permanently of the use or benefit of the property."  720 ILCS 5/16--1(a)(1)(A) (West 2004).  Using the statutory wording, the indictment returned by the grand jury alleged defendant "knowingly exerted unauthorized control over property of Heartland Home Improvement, being siding and materials having a total value in excess of $300.00 but less than $10,000, with the intent to permanently deprive the owner of the use or benefit of said property."

Again, defendant argues that since his burglary indictment identifies the crime of theft, he cannot also be charged and convicted of theft under "one-act, one-crime" principles as it is a lesser-included offense of burglary.  We disagree.

5

"Theft is not an included offense of burglary, and each has elements not included in the others so that multiple convictions of theft and burglary are not contrary to the [one-act, one-crime] doctrine of *King*." *People v. McCreary*, 123 Ill. App. 3d 880, 884, 463 N.E.2d 455, 458-459 (1984). "[I]t is well recognized that theft is not an included offense of burglary by definition. Burglary does not require a taking and theft does not require an entry." *People v. Johnson*, 103 Ill. App. 3d 564, 567, 431 N.E.2d 1381, 1383 (1982). "Multiple convictions and concurrent sentences should be permitted *** where a defendant has committed several acts, despite the inter-relationship of those acts." *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844 (1977).

Our legislature has defined an included offense as one that is "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2--9(a) (West 2004). Again, as the *Johnson* court succinctly and correctly noted, "Burglary does not require a taking and theft does not require an entry." *Johnson*, 103 Ill. App. 3d at 567. Therefore, neither "the same" nor "less than all of the facts" of either crime are sufficient to obtain a

6

conviction for the other offense.

Burglary, in general and as charged in this case, is a *fait accompli* the moment defendant makes an unauthorized entry with the requisite intent regardless of whether a subsequent felony or theft is ever committed.  It is the entry coupled with the intent to commit the theft or felony that completes the burglary. Once the burglary was complete, defendant then committed the theft.  A separate act; a separate offense.

Theft is simply not an included offense of burglary in a one-act, one-crime analysis.  To the extent that *People v. Bussan*, 306 Ill. App. 3d 836, 715 N.E.2d 820 (1999), holds otherwise, we disagree with the holding of *Bussan*.  The appellate court cited the supreme court's decisions in *People v. Hamilton*, 179 Ill. 2d 319, 688 N.E.2d 1166 (1997), and *People v. McLaurin*, 184 Ill. 2d 58, 703 N.E.2d 11 (1998), in support of its holding that convictions of both theft and burglary violated the one-act, one-crime principle.  Again, theft and burglary are simply not one act.  Whether defendant goes on to commit another act and, therefore, another crime is simply irrelevant to the burglary prosecution and conviction.

There is no doubt that the law of lesser-included offenses in this state has been muddied to the point where it is almost

7

unintelligible.  However, it is important to note that the supreme court has never said that one cannot be convicted of both burglary and theft where one commits a burglary by entering a building with the intent to commit a theft and, once inside, actually commits a theft.  Common sense and common experience tell us that people are often convicted of burglary where no theft occurs.  It is routine that burglars are either apprehended by police while in the building before a theft could be committed or scared away either by an alarm, a police siren or the unexpected presence of a person or vicious dog.  Although no theft has occurred, the perpetrator is still guilty of burglary, notwithstanding the fact that he was charged with burglary on the basis that he entered a place where he had no right to be with the intent to commit a theft.

The supreme court in *People v. Schmidt*, 126 Ill. 2d 179, 533 N.E.2d 898 (1988), found that theft was not a lesser-included offense of burglary.  It is important to note that *Schmidt* involved a defendant charged only with residential burglary and yet convicted of both residential burglary and theft.  The supreme court correctly noted that a conviction for an uncharged offense cannot stand unless it is a lesser-included offense of the one charge.  *Schmidt*, 126 Ill. 2d at 183.  Keep in mind that,

8

in the case at bar, the defendant was charged with both theft and burglary. The similarity between the cases is that in *Schmidt*, as here, the defendant was convicted of both theft and burglary. In *Schmidt*, the theft was uncharged; in the case before us it was charged. Should this make a difference? Of course it should.

The main purpose of charging instruments is to permit the defendant to properly prepare a defense. *People v. Woodrum*, 223 Ill. 2d 286, 297, 830 N.E.2d 259, 268 (2006). Defending oneself against entering with the intent to commit a theft, in many circumstances, will be entirely different from defending oneself from the act of actually committing a theft. Of course, in some cases, not so different since it will be the evidence of the theft that will be used as circumstantial evidence of the defendant's intent when entering the building.

Therefore, *Schmidt* was not unusual in that it simply recited the long-standing legal principle that one could not be convicted of an uncharged crime unless the crime was a lesser-included offense. The theft conviction was vacated by the supreme court on that basis.

*People v. Hamilton* involved a different scenario in which the defendant was charged only with burglary, although there was evidence that while in the victim's home, he stole a wallet from

9

a purse.  In *Hamilton*, the defendant was charged with and convicted only of residential burglary.  He appealed, alleging that the trial court erred when it denied his request for a theft instruction.  The defendant argued that *Schmidt* was wrongly decided because the supreme court did not utilize the charging instrument approach adopted in *People v. Novak*, 163 Ill. 2d 93, 643 N.E.2d 762 (1994).  Ironically, this is not a position that would have been endorsed by the *Schmidt* defendant, who successfully challenged the theft instruction and conviction.

The *Hamilton* court agreed *Schmidt* simply stands for the proposition that where a defendant is charged with a single offense, he cannot be convicted of an offense not charged unless it is a lesser-included offense of the crime for which defendant is expressly charged.  *Hamilton*, 179 Ill. 2d at 327.  The *Hamilton* court goes on to acknowledge that *Schmidt* stated that theft is not a lesser-included offense of burglary and then points out that *Schmidt* relied upon *People v. Baker*, 57 Ill. App. 3d 401, 372 N.E.2d 438 (1978), in coming to this conclusion.  The supreme court opined that a close reading of *Baker* reveals that the court in that case applied the abstract elements approach in holding that theft was not a lesser-included offense of burglary. The court stated, "Because this court has since expressly

10

rejected the harsh and mechanical abstract elements approach [citation], *Schmidt*, at least for this particular proposition, has been disavowed." *Hamilton*, 179 Ill. 2d at 327. Keep in mind that had the *Schmidt* court applied the *Hamilton* logic, Schmidt's uncharged theft conviction would have stood. Undoubtedly, Schmidt, rung up on the uncharged crime of theft, would have found the *Hamilton* approach draconian. He might reasonably have been indignant over being convicted of a crime that was alleged at trial to have occurred after the crime with which he was charged and prepared to defend. Undoubtedly, harshness, like beauty, is in the eye of the beholder.

A careful reading of *People v. Novak*, 163 Ill. 2d 93, 643 N.E.2d 762 (1994), illustrates the logical problems created with the charging instrument approach. Chester Novak was convicted of aggravated criminal sexual assault based on a charging instrument that alleged that Novak was 17 years of age or older and committed an act of sexual penetration upon the victim, to wit: contact between Chester Novak's penis and the victim's mouth and the victim was under 13 years of age when the act of sexual penetration was committed. Novak appealed the conviction, alleging that the trial court erred in refusing an instruction on the lesser-included offense of aggravated criminal sexual abuse.

11

The supreme court affirmed, explaining that aggravated criminal sexual abuse was committed if the accused was 17 years of age or older and committed an act of sexual conduct with a victim who is under 13 when the act was committed. Sexual conduct means any means in pertinent part, any intentional annoying touching or fondling by the accused either directly or through the clothing of any part of the body of the child under 13 years of age for the purpose of sexual gratification or arousal. *People v. Novak*, 163 Ill. 2d at 114. That is, the supreme court held that an indictment charging Novak with putting his penis in the victim's mouth did not broadly describe an intentional touching of any part of the body of a child for the purpose of sexual gratification. *Novak*, 163 Ill. 2d at 115. This is hard to reconcile logically with the *Hamilton* decision, which, as Justice Harrison pointed out, equated intending to commit a theft with actually committing a theft. *Hamilton*, 179 Ill. 2d at 329-30 (Harrison, J., dissenting).

*Novak* was later abrogated by *People v. Kolton*, 219 Ill. 2d 353, 848 N.E.2d 950 (2006). In *Kolton*, the defendant was charged in a single-count indictment with predatory criminal sexual assault of a child. The indictment alleged:

"'[D]efendant was 17 years of age or older and

12

committed an act of sexual penetration upon [C.S.], to wit: an intrusion of Marian Kolton's finger into [C.S.'s] vagina, and [C.S.] was under thirteen years of age when the act of sexual penetration was committed.'" *People v. Kolton*, 219 Ill. 2d at 356, 848 N.E.2d at 952.

Following a bench trial, the trial court found that sexual penetration had not been proven beyond a reasonable doubt. The trial court found the defendant guilty on the uncharged, lesser-included offense of aggravated criminal sexual abuse. The supreme court cited *Novak* with approval with respect to the court's unanimous adoption of the charging instrument approach in determining whether an offense is a lesser-included offense of another, but disavowed the way the majority in *Novak* applied the charging instrument approach to the facts in the *Novak* case. *People v. Kolton*, 219 Ill. 2d at 364, 848 N.E.2d at 956.

The confusion created stems from the fact that these supreme court cases, *Hamilton, Novak*, and *Kolton,* deal with whether a particular crime is a lesser-included offense for purposes of jury instructions or convicting one of uncharged crimes in bench trials. They do not adequately explain how this relates to one-act, one-crime principles. That is, we are not disputing that

13

the supreme court has stated that theft is a lesser-included offense of burglary for purposes of jury instruction issues. For reasons stated above, we find no logical reason to apply this concept to one-act, one-crime principle issues, specifically: whether a defendant can be convicted of both theft and burglary when the evidence shows that the defendant entered a building with the intent to commit theft and once therein, actually committed a theft. We find that the considerations that guided the supreme court in finding theft to be a lesser-included offense of burglary for purposes of jury instructions (giving the jury an option to find a defendant guilty only of theft if there is a question as to whether he intended to commit the theft before he entered the building) are logically not related to the one-act, one-crime principle. We find no reason to say that burglary and theft are carved out of the same act for purposes of dual convictions in this case. We find that the convictions of both theft and burglary were proper and affirm.

To best illustrate the problem with applying the charging instrument approach to one-act, one crime analysis, consider a hypothetical. Suppose that the defendant was charged with burglary "in that he knowingly and without authority entered a building of XYZ, Inc. with the intent to commit therein a felony,

14

to wit: a rape," and was also charged in count II with rape. Would anyone seriously argue that because intent to commit rape was referred to as the predicate for the burglary charge, that the defendant could not be convicted of both burglary and the rape, assuming proof of the requisite intent upon entry into the building? The fact that our supreme court has held in *Hamilton* that theft could be a lesser-included offense of burglary for purposes of jury instructions is clearly based on a concern that one might be convicted of burglary if that was the only option available to jurors, even though there was evidence to suggest that the intent to commit the theft was not created until the defendant had entered the building. The rationale behind the *Hamilton* decision does not support defendant's contention that his convictions for both burglary and theft violate one-act, one-crime principles.

Defendant continues by arguing that once a crime is labeled a "lesser-included offense" of a greater crime, no conviction can stand for the lesser-included offense if defendant is also convicted of the more serious offense. We disagree. Certainly, if the lesser-included offense merges into the greater offense under the one-act, one-crime principle, that is true. *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977). However, our

15

supreme court has noted many times that criminal sexual abuse is a lesser-included offense of criminal sexual assault and yet has allowed convictions for both crimes to stand against a single defendant. *People v. Wittenmyer*, 151 Ill. 2d 175, 179, 601 N.E.2d 735, 737 (1992) (defendant's convictions for three counts of aggravated criminal sexual abuse and one count of aggravated criminal sexual assault affirmed even though single incident of defendant rubbing and sucking victim's breasts then penetrating the victim with his finger "served as the basis for two of the counts of aggravated criminal sexual abuse, and the one count of aggravated criminal sexual assault").

As we have found that no error occurred below, we need not consider defendant's appeal under a plain error analysis.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

O'BRIEN and WRIGHT, JJ., concur.