THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TIMOTHY ROSS, Defendant-Appellant.

First District (1st Division)   Nos. 1—89—1504, 1—91—1336 cons.

Opinion filed March 3, 1992.

Randolph N. Stone, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

John M. O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth McCurry, and Jillian Cerone-Marisie, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a jury trial, defendant was convicted of attempted murder and armed violence (Ill. Rev. Stat. 1987, ch. 38, pars. 8—5, 9—1, 33A—2), for which he received concurrent prison terms of 40 years, and possession of a stolen motor vehicle (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103).

Defendant's conviction for attempted murder and armed violence arose from pointing a handgun at police as he was chased on foot after fleeing from a stolen automobile. We conclude defendant was entitled to instruct the jury on the offense of aggravated assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—2) and therefore reverse the conviction for attempted murder and remand for a new trial. In light of that determination, defendant's sentence regarding the offense of armed violence must be reconsidered. We affirm defendant's conviction for that offense as well as for possession of a stolen motor vehicle.

Defendant stole Bernard Jackson's automobile on June 9, 1988, after first struggling with Jackson in an unsuccessful attempt to steal Jackson's wallet. Fortuitously, a month later, while driving near the intersection of Roosevelt Road and Independence Boulevard in Chicago, Jackson recognized the automobile by its Missouri dealer's sticker and notified police.

Chicago police detective Joseph Molitor and his partner located Jackson's car a few days later and watched defendant enter the car and drive away. The detectives followed. As Molitor drove alongside, they identified themselves to defendant and directed him to stop. Instead, defendant sped away. The detectives pursued. Defendant eventually drove into an alley, struck a telephone pole, and fled on foot. Molitor stopped his car, exited, shouted for defendant to stop, and, when defendant did not do so, gave chase.

Molitor testified at trial that defendant turned toward him while still moving forward and pointed a pistol at him from a distance of approximately 45 feet. Molitor immediately bent down, his revolver at the ready, stood up, and fired three shots, wounding defendant. Defendant stumbled and then resumed his flight but was soon captured. Molitor recovered a loaded pistol from the area where defendant had stood.

Bystanders witnessed the events taking place in the alley. Harry McGhee demonstrated for the jury how defendant turned and pointed a "shiny object" that "looked like a gun" at the detectives. He witnessed defendant wounded by Molitor, and he saw Molitor retrieve a shiny object from the ground. Germaine Jones also saw the man being chased "reach in his pocket *** turn *** and point at" the man chasing him.

Although, based on the above evidence, the State charged defendant with attempted murder and tendered appropriate instructions for that offense, defendant sought to have the jury instructed on the law regarding aggravated assault, as well. Defendant argued the instruction was warranted because, under the facts, aggravated assault could be considered a lesser included offense of attempted murder, offering the jury another option in addition to convicting or acquitting defendant of the charged crime. (See *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413.) The trial judge denied defendant's request.

■■ Illinois courts have struggled with the issue of whether a lesser crime may be considered included in a greater offense and whether a need then may arise to instruct the jury accordingly. (See *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633; *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189.) However, in *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413, the supreme court, acknowledging its decision in *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993, outlined the requisite analysis for resolving such issues. The court instructed that the proper examination is not limited to a comparison of the statutory elements of the particular crimes but includes a consideration of the language of the charging instruments and the evidence presented at trial. *Bryant*, 113 Ill. 2d at 503-04, 499 N.E.2d at 416.

The appellate court applied that analysis in *People v. Krueger* (1988), 176 Ill. App. 3d 625, 531 N.E.2d 396, *appeal denied* (1989), 125 Ill. 2d 571, 537 N.E.2d 815, which involved the same argument advanced by defendant here. There, David Krueger was convicted on the indicted charge of attempted murder of Dominic Iasparro based on gunshots which had been fired at Iasparro's house while Iasparro

stood behind sheer curtains. At trial, testimony established that there had been one shot, followed by a pause, and then several more shots. Defendant was unsuccessful in an attempt to instruct the jury regarding aggravated assault.

The appellate court concluded defendant was entitled to the requested instruction in view of the language of the indictment and because the evidence could have supported a conviction for that offense. Specifically, the court noted that, although Iasparro was visible behind the sheer curtains, no shots were fired through the window. A jury could have found a lack of intent to kill as the explanation for that fact. (*Krueger*, 176 Ill. App. 3d at 629, 531 N.E.2d at 399.) Further, the court observed that the indictment alleged only that gunshots were fired at the residence, not Iasparro. Nothing precluded the jury from concluding that the succession of shots could have put Iasparro in apprehension of an imminent battery to support the offense of aggravated assault. (*Krueger*, 176 Ill. App. 3d at 629, 531 N.E.2d at 399.) Last, the court observed that, although the indictment did not allege the necessary element of apprehension, that fact was not fatal. The court reasoned an aggravated assault instruction was warranted because the indictment did set out the "main outline" of that offense, the relevant consideration noted in *Bryant*. *Krueger*, 176 Ill. App. 3d at 629, 531 N.E.2d at 399.

██ The analysis of the issue in *Krueger* is instructive here. As in that case, the evidence here supported the uncharged offense of aggravated assault and, because the language of the indictment contains the main outline of that offense, it was error not to instruct the jury accordingly. Molitor's testimony was that he immediately bent down upon seeing defendant turn toward him with a shiny object in his hand. That testimony supports the conclusion that the jury could have found Molitor feared being struck by a bullet, the requisite element of reasonable apprehension of a battery, to support a conviction for aggravated assault. The indictment, itself, merely bases the charge of attempted murder on defendant's actions of "aiming a gun" at Molitor. The scope of that language is sufficiently broad to accommodate the element of Molitor's apprehension, providing the main outline of the offense of aggravated assault.

The State asserts that application of the analysis endorsed in *Bryant*, applied in *Krueger*, and, ultimately, above, is flawed because the supreme court implicitly overruled *Bryant* in *People v. Schmidt* (1989), 126 Ill. 2d 179, 533 N.E.2d 818. The State refers to language in *Schmidt* that an accused "cannot be convicted of an offense that was not charged unless the offense of which he is found guilty is a

lesser included offense of the one charged." *Schmidt*, 126 Ill. 2d at 183, 533 N.E.2d at 818.

The State is unduly selective in its reading of *Schmidt*. The court expressly observed that the question addressed there was fundamentally distinguishable from the one it had considered in *Dace*, which, as we have noted, was the foundation for *Bryant*. (*Schmidt*, 126 Ill. 2d at 185, 533 N.E.2d at 819.) *Schmidt* is easily reconciled with *Bryant*. *Bryant* provides the means by which it may be determined whether an uncharged offense may be considered a lesser included offense of a charged one. *Schmidt* merely proscribes convictions for the uncharged offense when that determination is not met.

■ The reversal of defendant's conviction for attempted murder necessitates consideration of the propriety of the length of the sentence for armed violence. Although the trial judge carefully considered the relevant factors in aggravation and mitigation, we nevertheless cannot be certain of the extent to which the attempted murder conviction may have been a factor in sentencing defendant for armed violence. (See *People v. Deason* (1991), 223 Ill. App. 3d 320.) Both of those convictions were based on defendant's act of pointing a loaded handgun at a police detective. However, because the trial judge directed that the defendant's sentence for armed violence would stand regardless of the disposition on appeal concerning the attempted murder conviction, the entire matter is remanded for further proceedings before a different trial judge.

Defendant raises two other issues on appeal.

■ Defendant contends he was denied a fair trial as a result of the State's questioning concerning the exoneration of Molitor in a police investigation as to whether Molitor was justified in firing his service revolver. Part of the defense theory was that defendant was unarmed. During cross-examination, defendant's counsel sought to show Molitor had motive to fabricate defendant's possession of a weapon by establishing Molitor was aware an investigation would be undertaken. During redirect questioning, the State attempted to rebut the implication by indicating Molitor had been exonerated in the proceedings. The trial judge sustained each of the objections to that line of questioning.

Defendant's argument provides no reason to disturb his convictions. The State's questioning was reasonably invited by defense counsel. (See *People v. Payne* (1983), 98 Ill. 2d 45, 456 N.E.2d 44, *cert. denied* (1984), 465 U.S. 1036, 79 L. Ed. 2d 708, 104 S. Ct. 1310.) More importantly, even assuming the impropriety of the State's per-

sistence in that questioning, no prejudice was caused defendant in view of the evidence presented at trial.

■ Defendant also argues that because the State elected not to prosecute defendant with the unlawful use of weapons by a felon (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1), and the court entered an order of *nolle prosequi* on those charges, the convictions for attempted murder and armed violence could not stand as both were premised on wielding the pistol.

Defendant misapprehends the nature of the entry of *nolle prosequi*. That decision has no *res judicata* effect on the other charges. (See *People v. Watson* (1946), 394 Ill. 177, 68 N.E.2d 265; *People v. DeBlieck* (1989), 181 Ill. App. 3d 600, 537 N.E.2d 388.) We therefore find no merit to defendant's contention.

Affirmed in part; reversed in part, and remanded.

CAMPBELL and MANNING, JJ., concur.