THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERNEST HIGGINS, Defendant-Appellant.

Third District    No. 3—91—0318

Opinion filed July 30, 1992.—Rehearing denied September 25, 1992.

Rita K. Peterson, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, Ernest Higgins, appeals his conviction for aggravated battery with a firearm (Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2). The sole issue on appeal is whether his trial counsel rendered effective assistance. We find that he did and affirm.

The record shows that the information alleged that the defendant had committed the offense by knowingly shooting Matthew Wood with a handgun. At trial, defense counsel argued in his opening statement that the defendant had not been involved in the shooting.

The State then presented testimony from Matthew Wood, Jerianne Wells, Ruthie Renee Wren (Ruthie Renee), Ruthie Denise Wren (Ruthie Denise), Maggie Wren, and Albert Billups regarding the events surrounding the shooting. Their testimony tended to establish that around September 19, 1990, the defendant fought with Billups and James Wren over a car stereo. As a result, the police took the defendant and Billups to jail.

On the evening of September 22, 1990, a number of people gathered at Albert Billups' apartment. Ruthie Denise, Ruthie Renee, and Wells were at the house next door. At one point, the defendant stood across the street from Billups' apartment and shouted at the people there. When Billups and two other men left the apartment to go to the store, the defendant taunted them. Later, Matthew Wood went out onto the balcony of the apartment, and the defendant yelled at him to come down.

When James Wren left to go to the store, the defendant followed him and called him names. The defendant and two other men then got into a car. When James returned, Maggie Wren left to call the police. Wood was seated in the front room of Billups' second-floor apartment with his back to the window, when he testified he heard shots. One of the shots went through his left side and his right wrist. He did not see who had fired the shots.

On cross-examination, Wood stated that the entry and exit wounds in his side were on a fairly level plane. He also admitted that he had told a number of different versions of the shooting to people because he did not like discussing it.

The witnesses differed as to whether three or four shots were fired. Only two witnesses testified that they had seen the defendant fire any shots. Ruthie Renee testified that she saw the defendant take up a position across the street from Billups' apartment, pull out a gun from his waistband, and fire a shot at Billups' window. She testified on cross-examination that the defendant was standing between 912 Garfield and 842 Windom when he fired the first shot. She also admitted that it was dark out at the time of the shooting. Lastly, she conceded that she did not know if the two men with the defendant had also carried guns. Billups made the same admission on his cross-examination.

Wells testified that she saw the defendant fire the last shot. On cross-examination, she admitted that she did not see who had fired the other shots.

Ruthie Denise testified under cross-examination that prior to the shooting she had seen the defendant standing with his jacket open, but she had not seen a gun in his waistband.

Dr. Kevin Paulsen testified that he examined Wood following the shooting. He noted that Wood had an entry and exit wound in the left chest. In addition, Wood had a wound to his right wrist. On cross-examination, Paulsen admitted that if Wood had been shot from the left side, the bullet would have apparently entered at a higher spot on Wood's abdomen than it would have exited.

Officer Mark Chittick testified that he investigated the scene following the shooting. He found evidence that only one bullet had gone through the apartment. On cross-examination, he stated that because of the bullet's trajectory, he did not believe that someone standing at the corner of 912 Garfield could have fired that shot.

William Lininger testified on behalf of the defendant. He said that Wood had told him that he was standing on a street corner "minding his own business" when he was shot.

During closing arguments, defense counsel contended that the State had failed to prove the defendant guilty beyond a reasonable doubt. Counsel pointed out the inconsistencies and omissions in the testimonies of the occurrence witnesses. He also argued that the objective evidence showed that the shooting could not have occurred in the way the State's witnesses had testified to.

Thereafter, the jury found the defendant guilty as charged. The defendant subsequently filed a post-trial motion. At the hearing on the motion, the trial judge found that defense counsel had rendered effective assistance. The judge noted that counsel had effectively cross-examined Officer Chittick and that the jury had deliberated for a long time.

On appeal, the defendant argues that there was some evidence that he acted recklessly. Consequently, he contends that his counsel was ineffective for failing to tender instructions on the lesser offense of reckless conduct. The State argues that defense counsel's decision on instruction was a matter of trial strategy and that he had rendered effective assistance of counsel to defendant.

In order to establish ineffective assistance of counsel, a defendant must show both that his counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's errors, the result of the trial would have been different. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Competency of counsel is presumed, and alleged incompetency arising from a matter of trial strategy will not, by itself, support a claim of ineffective assistance of counsel. *People v. Austin* (1991), 215 Ill. App. 3d 323, 574 N.E.2d 1297.

It is well settled that decisions on a substantial group of matters which do not involve fundamental rights are within defense counsel's control and are said to involve matters of trial strategy. (*People v. Whittaker* (1990), 199 Ill. App. 3d 621, 557 N.E.2d 468.) The decision to offer an instruction on a lesser included offense is one of strategy which has no bearing on competency of counsel. *People v. Clark* (1991), 207 Ill. App. 3d 439, 565 N.E.2d 1373.

Here, the record clearly shows that defense counsel's theory of defense was that the defendant had not committed the shooting. Based on the evidence presented, counsel could have reasonably elected to forego presenting a reckless conduct instruction in order not to weaken his position that the defendant did not commit the charged felony and should be acquitted. Consequently, we find that counsel's decision was a matter of trial strategy and did not constitute ineffective assistance.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER and HAASE, JJ., concur.