THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACK BROCKSMITH, Defendant-Appellant.

Third District   Nos. 3—90—0530, 3—91—0780 cons.

Opinion filed December 1, 1992.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael J. Herr, State's Attorney, of Aledo (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

Defendant was charged by information with one count of the felony offense of theft by deception. He was convicted, however, of the misdemeanor offense of deceptive practices as a lesser included offense of theft by deception. On appeal, he argues that deceptive prac-

tices is not a lesser included offense of theft by deception. In the alternative, he argues that the statute of limitations had run on the offense of deceptive practices. His direct appeal has been consolidated with his appeal from the denial of his post-conviction petition.

Jack Brocksmith was an insurance broker who met Blanche Littrell in 1980. On April 4, 1985, Littrell gave Brocksmith a check in the amount of $10,000. According to Littrell, defendant said that there were insurance companies starting up an investment which would pay her 15% interest. As evidence of this, Brocksmith gave Littrell a certificate which was due on October 4, 1985, at which time Littrell could demand $10,000 plus 15% interest, or could demand just the interest, or could extend the tender for additional interest.

Littrell entered into similar transactions with defendant on April 25, 1985, May 18, 1985, September 12, 1985, October 22, 1985, and July 17, 1986. The total of all these investments was $75,000. Each transaction took place in Littrell's home. Littrell renewed the investments, including the accrued interest, at various times.

On March 25, 1986, Littrell signed a document which acknowledged that she had tendered to defendant a total of $68,000 by that date. The document indicated that Littrell understood the nature and provisions of the financial arrangement between herself and defendant, that no third party was involved, and that the money was secured by assignment of defendant's $50,000 life insurance policy, which named Littrell as beneficiary. At trial, Littrell was shown a copy of the assignment of life insurance, which she had signed on June 23, 1986. She did not recall signing the document and claimed that she was unaware of the existence of the insurance policy prior to trial.

In July 1988, Littrell wrote to defendant asking for $50,000, because she needed to make house repairs. Brocksmith, who then lived in Utah with his son and daughter, wrote her back, stating that since they were 1,000 miles apart, she should contact his attorney, Michael Metnick, in Springfield, whom defendant had hired to represent him in his business relationships. Littrell and Metnick exchanged letters, but no money was returned.

In May 1989, defendant contacted Littrell and urged her to work out a repayment schedule with Metnick. Letters were again exchanged, but defendant never got any of her money back. Nor did she ever hear from Brocksmith again.

Brocksmith testified that he ran an insurance agency which represented a variety of companies. Brocksmith stated that he had met Littrell when he had sold her parents some insurance policies and had

become friends with her. He stated that she had given him the money as a personal loan for business purposes.

In 1984, he decided to expand his business and took several steps towards that goal, including renting a larger building and hiring additional staff.

At some point defendant was visiting with Littrell in her home and discussed the fact that his expansion was hampered by his inability to obtain a loan. According to Brocksmith, Littrell then offered to lend him the money, which he used for payroll and office bills.

In 1986, defendant suffered some setbacks which adversely affected his business. He testified that he had Littrell sign the document in March of 1986 to show that she understood the nature of their relationship, *i.e.*, that he was the investment and that there was no third party involved.

The case was then submitted to the jury. At the request of defense counsel, the jury was instructed on the offense of deceptive practices, in addition to the charged offense of theft by deception. During deliberations, the jury asked the court to define "intent to defraud." The court responded with the statutory definition. (Ill. Rev. Stat. 1991, ch. 38, par. 17—1(A) (iii).) The jury then found defendant not guilty of theft by deception but guilty of deceptive practices.

Defendant filed a post-trial motion alleging that deceptive practices is not a lesser included offense of theft in that theft does not contain as an element the intent to defraud. The court denied that motion.

At the sentencing hearing, it was shown that defendant currently had no assets and his house had been repossessed. The State commented that it would be fruitless to order restitution and made no request because of defendant's inability to pay.

The trial court, however, included restitution in the sentence, ordering Brocksmith to pay 15% of his gross monthly income from every source commencing August 1, 1990. His obligation would terminate upon full repayment of the $75,000 or on July 25, 1995. The court also ordered defendant to reimburse the county for the services of the public defender. This requires defendant to pay 5% of his gross monthly income to the clerk until he had paid $3,115. The court found that defendant had no present ability to pay a fine so it did not impose one. Brocksmith was also sentenced to 364 days in jail, with credit for the 379 days he had already served.

Defendant filed a timely notice of appeal (No. 3—90—0530). On defendant's motion, this court stayed the payment provisions of the

order. Subsequently, this court held the direct appeal in abeyance pending the outcome of the post-conviction petition.

Defendant filed a *pro se* petition for post-conviction relief in January 1991. He alleged that the statute of limitations had expired on the offense of deceptive practices and that his attorney had failed to so inform him. He also stated that he did not authorize his attorney to tender the instruction on deceptive practices and, accordingly, he could not be deemed to have waived the limitations period.

Eventually, defendant obtained counsel and filed an amended petition. In it, he alleged that his constitutional rights to due process, to equal protection, to effective assistance of counsel, to understand the nature of the accusation, to present a defense, and to make decisions regarding lesser included offenses had been violated.

In support of this petition, defendant filed affidavits from himself and his trial counsel. Trial counsel indicated that he had not discussed the statute of limitations on the misdemeanor deceptive practices with defendant since the felony period for theft had not expired and he thought that the felony period controlled.

Defendant averred that he had briefly discussed the deceptive practice jury instruction with counsel, but was not advised that the statute of limitations period had run. He was not asked to make a decision on the submission of the instruction and would not have agreed to it had he been so asked.

The State conceded that the misdemeanor conviction would have been precluded by the statute of limitations and that defense counsel was deficient in his knowledge of the law concerning the statute of limitations. The State, however, argued that defendant could not show prejudice.

A hearing was held in July 1991 at which time defendant was not present. Defendant was then incarcerated in a Federal institution on other charges. The parties noted that there had been some difficulty in getting the Federal institution to honor the *habeas corpus* issued by the Illinois court. Consequently, the parties agreed to hear only matters of law. The trial court stated that it would hold an evidentiary hearing if it ruled against defendant. No hearing was held because the court accepted defendant's allegations as true.

The trial court found that the statute of limitations had expired; that defense counsel had failed to discuss this matter with defendant; that defense counsel's decision to tender the instruction was a trial tactic; and that defense counsel's tendering of the instruction without first discussing it with defendant was not plain error.

Defendant appealed that order to this court (No. 3—91—0780). His two appeals were then consolidated.

The first issue on appeal is whether the conviction of deceptive practices was proper when the information only alleged theft by deception. The instruction on deceptive practices was given at the request of defense counsel.

■ A person commits theft by deception when he knowingly obtains by deception control over property of the owner, intending to deprive the owner permanently of the use or benefit of the property. (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(2)(A).) A person commits deceptive practices when, with intent to defraud, he causes another, by deception or threat, to execute a document disposing of property or a document by which a pecuniary obligation is incurred. (Ill. Rev. Stat. 1991, ch. 38, par. 17—1(B)(a).) "Deception," as it is used in both sections, is defined at section 15—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 15—4).

Initially, the State asserts that defendant cannot attack the conviction when it was his attorney that submitted the instruction. There are cases which say that the defendant may not "contend that lesser offenses for which he has tendered instructions and verdict forms were not lesser-included offenses of that charged." See, *e.g., People v. Rachel* (1984), 123 Ill. App. 3d 600, 606, 462 N.E.2d 959, 964.

However, in *People v. Schmidt* (1989), 126 Ill. 2d 179, 533 N.E.2d 898, the supreme court vacated a theft conviction where defendant had been indicted on burglary and defendant had requested the theft instruction. The fact that it was the defendant who requested the instruction is not clear from the supreme court's opinion, but is evident in the appellate court's opinion. (*People v. Schmidt* (1987), 161 Ill. App. 3d 278, 279, 514 N.E.2d 494, 495.) Even the *Rachel* court did say that a defendant could challenge instructions when it goes to competency of counsel. (*Rachel*, 123 Ill. App. 3d at 606, 462 N.E.2d at 964.) Defendant did include that argument in his post-conviction petition. Therefore, defendant can still attack the conviction. Given the procedural posture of this case, we will first address the question of whether deceptive practices is a lesser included offense of theft by deception, following which we will address the ineffective assistance of counsel claim.

No person may be convicted of an offense that he has not been charged with committing. (*People v. Lewis* (1980), 83 Ill. 2d 296, 415 N.E.2d 319.) However, an accused may be convicted of an offense not expressly included in the charging instrument if that offense is a "lesser included offense" of the offense expressly charged. (*Schmidt*,

126 Ill. 2d at 183, 533 N.E.2d at 900.) No Illinois court has addressed the issue of whether deceptive practices is a lesser included offense of theft by deception.

■ An included offense is defined by the Criminal Code as an offense which "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1991, ch. 38, par. 2—9(a).) In other words, a lesser included offense is "one composed of some, but not all, of the elements of the greater offense, and which does not have any element not included in the greater offense." *People v. Jones* (1992), 149 Ill. 2d 288, 293, 595 N.E.2d 1071, 1073.

In *Jones*, the defendant was expressly charged with armed robbery, but was convicted of theft. The supreme court upheld that conviction. In reaching that decision, the supreme court looked to its prior opinion in *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413, for guidance. In *Bryant*, the defendant had been expressly charged with attempted burglary. The trial court had refused the defendant's requested instruction on criminal damage to property. The supreme court reversed, finding that in that particular case, criminal damage to property was a lesser included offense of attempted burglary.

In both of those cases, the supreme court observed that the proper examination is not limited to a comparison of the statutory elements of the particular crimes but includes a consideration of the language of the charging instruments and the evidence presented at trial. (*Jones*, 149 Ill. 2d at 294, 595 N.E.2d at 1074; *Bryant*, 113 Ill. 2d at 503-04, 499 N.E.2d at 416; *People v. Ross* (1992), 226 Ill. App. 3d 392, 589 N.E.2d 854.) The court reasoned that it was not necessary that the indictment expressly allege all the elements of the lesser offense; instead, the indictment must set out the main outline of the lesser offense. (*Jones*, 149 Ill. 2d at 294, 595 N.E.2d at 404.) Additionally, the court looked to see if the evidence adduced at trial was sufficient to support a conviction on the lesser offense. *Jones*, 149 Ill. 2d at 295, 595 N.E.2d at 404.

Here, Brocksmith was charged by information, which alleged that he "committed the offense of theft in that the said defendant knowingly obtained, by deception, control over property of Blanche Littrell *** intending to deprive the owner permanently of the use and benefit of the property." Defendant's main contention is that deceptive practices requires proof of an intent to defraud and that no such element is necessary in theft.

While it is true that the statute does not list intent to defraud as an element of theft, the courts have assumed it to be there. In *People v. Lighthall* (1988), 175 Ill. App. 3d 700, 706, 530 N.E.2d 81, 84, the court, in affirming defendant's conviction of theft by deception, stated:

"[T]he State must prove that the defendant acted with the specific intent to defraud the victim. [Citation.] Whether the specific intent to defraud exists is a question of fact and does not have to be proved by direct evidence. [Citations.] Since direct evidence of specific intent to defraud is so rarely available, circumstantial evidence may be sufficient to sustain a conviction. [Citation.] Thus, intent to defraud may be inferred from the facts and circumstances surrounding the transaction. [Citation.]"

That court relied on this court's opinion in *People v. Rolston* (1983), 113 Ill. App. 3d 727, 731, 448 N.E.2d 965. There, this court discussed the fact that intent to defraud is a jury question and neither party disputed that it was an element.

The committee comments to both section 16 and section 17 of the Criminal Code are instructive on the issue. (Ill. Ann. Stat., ch. 38, arts. 16, 17, Committee Comments—1961, at 18, 232 (Smith-Hurd 1977).) The committee states that the two sections complement each other and that section 17 is intended to cover those lesser offenses not covered by section 16. Moreover, the statutory definition of "intent to defraud" includes "the specific intent to deceive or cheat." Ill. Rev. Stat. 1991, ch. 38, par. 17—1(A) (iii).

Thus, even though the information here does not allege "intent to defraud," that fact is not fatal to a conviction on deceptive practices. The charging instrument set out the main outline of the offense of deceptive practices. It sufficiently alleged the proscribed conduct, as well as implicitly alleging the required mental state. Additionally, Brocksmith's conviction was sufficiently supported by the evidence introduced at trial. We therefore find that defendant's conviction for deceptive practices was proper, despite the fact that he was only expressly charged with theft by deception.

Brocksmith next contends that the conviction should be reversed because the State failed to allege and prove an extension to or waiver of the misdemeanor statute of limitations.

Brocksmith was charged with theft by deception, which is governed by a three-year statute of limitations. (Ill. Rev. Stat. 1991, ch. 38, par. 3—5(b).) He was convicted of deceptive practice, which is gov-

erned by the 18-month period applicable to misdemeanors. Ill. Rev. Stat. 1991, ch. 38, par. 3—5(b).

The information was filed on June 28, 1989. It alleged that Brocksmith had illegally obtained the checks from Littrell between April 4, 1985, and July 17, 1986. Defendant contends, and the State concedes, that the statute of limitations on the deceptive practices charge had expired prior to the filing of the information.

The State argues that defendant waived the limitations period by tendering the instruction and by not objecting pre-trial. The trial court apparently agreed because it found that the limitations period had expired, but the court did not dismiss.

Defendant argues that he has a right to seek an instruction on an offense without waiving the limitations period. He contends that he has a right to have the jury consider his "theory of the case" even though no judgment could ultimately be entered on that charge.

■ We hold, however, that by submitting an instruction on the lesser offense, defendant waived the statute of limitations, subject to an ineffective assistance of counsel claim as discussed below. If a defendant wishes to seek a lesser offense and try for the possible compromise verdict, he must be willing to accept the consequences of that decision, even if it means conviction of a crime for which the statute of limitations has expired.

Therefore, on direct appeal, we affirm the defendant's conviction for deceptive practices (No. 3—90—0530).

Turning now to defendant's appeal from the denial of his post-conviction petition, we must address the issue of whether defendant was denied his constitutional right to effective assistance of counsel.

In his petition, Brocksmith contended that the statute of limitations for the misdemeanor had expired by the time the information was filed; that his attorney had submitted the instruction on the issue without defendant's informed consent; and that trial counsel believed that the statutory period for the felony controlled.

The trial court found that defense counsel had not discussed the statute of limitations with Brocksmith. The court further found that that period had expired. The court then ruled that submission of the instruction was a trial tactic and that there was no ineffective assistance.

To establish ineffective assistance of counsel, defendant must satisfy a two-prong test. First, he must show that counsel's representation fell below an objective standard of reasonableness. Second, he must show that the defense was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d

674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.

In *People v. Staton* (1987), 154 Ill. App. 3d 230, 507 N.E.2d 62, the court found that trial counsel had rendered ineffective assistance. There, defendant was indicted on murder, armed robbery and home invasion. The statute of limitations had run on the latter two. The State argued that the period had not run because the two charges arose out of the underlying murder offense, which was not subject to a prosecutorial limitation period. The court rejected that argument and held that defense counsel was ineffective for failing to move to dismiss the two lesser charges. Part of its reasoning was that the failure to so move did not seem to be based upon a cohesive trial strategy.

In *People v. Rachel* (1984), 123 Ill. App. 3d 600, the defendant argued that he had been denied effective assistance when his attorney tendered a lesser offense instruction. The court rejected that claim, finding that it was a deliberate trial tactic to cause a compromise verdict and avoid the felony conviction. A similar result was reached in *People v. Higgins* (1992), 233 Ill. App. 3d 295, 598 N.E.2d 1346, where the court held that defense attorney's decision not to pursue a lesser included offense was part of a cohesive trial strategy and did not constitute ineffective assistance.

Recently, this court had occasion to address a similar issue in *People v. Blommaert* (1992), 237 Ill. App. 3d 811. There, defendant was convicted of first degree murder. On advise of counsel, she had rejected an offer to plead guilty to involuntary manslaughter. She also chose not to seek a jury instruction on involuntary manslaughter, again relying on advise of counsel. In her post-conviction petition, she contended that she had been denied effective assistance of counsel because her attorney had grossly misinformed her as to the possible penalties for the offense. Further, she argued that trial counsel was deficient for not seeking an instruction on involuntary manslaughter, and thus attempting to get a compromise verdict. This court found that Blommaert had proven ineffective assistance, based on the fact that she had been unable to make an informed decision due to counsel's inaccurate advise.

■ The similarity between *Blommaert* and the instant case lies in the attorney's failure to adequately present facts to the defendant to allow defendant to make an informed decision. Because of trial counsel's admitted ignorance of the limitations period, Brocksmith did not have all the necessary facts with which to make an informed decision

whether to pursue instructions to the jury on the lesser included offense of deceptive practices.

As we noted in *Blommaert*, the ABA Standards for Criminal Justice provide some guidance on the issue. The ABA Standards state that the decision as to whether to seek submission to the jury of a lesser included offense is one to be made by the defendant after full consultation with defense counsel. (I *ABA Standards for Criminal Justice*, §4—5.2, Commentary (2d ed. 1980).) Brocksmith was denied that full consultation. Therefore, the decision to submit the lesser offense instruction and thus to waive the statute of limitations was not the product of informed consent.

While the proffering of jury instructions might generally be considered a trial tactic, when that decision includes a decision whether to waive a statute of limitations, the defendant must be consulted. The right to waive the statute belongs to the defendant and should not be assumed from the action of counsel in this situation.

Moreover, this cannot be considered a sound trial tactic when defense counsel admittedly did not know that the period had expired. He cannot make a reasoned decision without knowing the facts. Nor can the defendant be deemed to have made a knowing waiver of the period. In a normal situation, the tendering of an instruction in an attempt for a compromise verdict might be sound strategy, as noted in *Rachel* (123 Ill. App. 3d at 607, 462 N.E.2d at 965). But here we have an attorney who admittedly did not know the consequences of his action.

The two-prong *Strickland* test has been met. Defendant has shown deficient counsel and prejudice. Under these facts, defendant was denied his constitutional right to effective assistance of counsel. Accordingly, we reverse the denial of his post-conviction petition (No. 3—91—0780).

Defendant was acquitted on theft and cannot be retried on that count without giving rise to double jeopardy. Additionally, it would be futile to remand for a new trial on the lesser included offense of deceptive practices, a charge barred by the statute of limitations. We therefore dismiss the action.

No. 3—90—0530, Affirmed.
No. 3—91—0780, Reversed.

BARRY, P.J., and STOUDER, J., concur.