**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200412-U

Order filed September 7, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Iroquois County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0412 Circuit No. 17-CF-190 |
| RICHARD J. GILKERSON, | ) ) ) | Honorable Michael C. Sabol, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The defendant was properly charged with burglary and theft.

¶ 2    The defendant, Richard J. Gilkerson, appeals from his convictions for burglary and theft, arguing that the State exceeded its charging discretion when it added a superfluous charge of theft to the charge of burglary with intent to commit a theft.

¶ 3                                    I. BACKGROUND

¶ 4        The defendant was charged by indictment with two counts: (1) burglary (720 ILCS 5/19-1(a) (West 2016)), in that he entered the property of Tony Williams with the intent to commit therein a theft, and (2) theft (720 ILCS 5/16-1(a)(4) (West 2016)), in that he knowingly obtained unauthorized control of a four-wheeler belonging to Williams, intending to deprive Williams permanently of his property. The defendant waived formal reading of the charges and explanation of rights.

¶ 5        The case proceeded to a jury trial, where the evidence established that on December 26, 2017, at 8:45 a.m., a deputy sheriff was dispatched to investigate a vehicle that had been driving back and forth for several hours on East County Road 275A. The deputy found the defendant's vehicle parked on the road. The defendant got out of the vehicle and told the deputy he was having car trouble. The defendant then stated that he was looking for a friend in the area who was suicidal. The vehicle did not have license plates on it. The deputy discovered that the vehicle was not registered, the defendant had no insurance, and the defendant's license was suspended. He arrested the defendant for driving on a suspended license.

¶ 6        After the deputy put the defendant in the back of the squad car, he told the defendant that he could see footprints in the fresh snow leading from the defendant's vehicle to a wooded area. The defendant stated, "You won't see me on the videotape." The footprints appeared to be from a work boot. He compared the prints to the defendant's boots, and their heel patterns, size, tread patterns, and markings were very similar. The deputy followed the prints to a machine shed, on which the lock on the door had been broken off. He then saw tire treads going from the shed, through the snow. The tire tracks went 100 to 150 feet in another direction, where the deputy found a four-wheeler that looked like it had been dragged or pulled from the shed as it did not have a battery. When questioned at the sheriff's department, the defendant stated that he went to pick

2

someone up that had been working on the property. He said he had deleted his texts with the person because he did not want the deputy to see them. He also stated that he wanted a four-wheeler for his daughter.

¶ 7        Williams testified that he did not know the defendant, and the defendant did not have permission to be on his property. He had purchased the four-wheeler for $400 for his grandchildren. He had been to the shed the day before (December 25th) and the four-wheeler was in the shed, and the shed door was locked. Williams had video surveillance cameras on his property, one of which surveilled the road in front of the shed. The video from this camera showed the defendant's vehicle driving by the property slowly approximately 14 times between 6 a.m. and 9 a.m. on the date in question.

¶ 8        The jury found the defendant guilty of both counts. The defendant filed a motion for judgment notwithstanding the verdict or a new trial arguing the evidence was insufficient to convict and the State made an improper comment during closing arguments, which was denied. The defendant was sentenced to 4.5 years' imprisonment for the burglary and a concurrent term of 364 days for the theft.

¶ 9                                    II. ANALYSIS

¶ 10       On appeal, the defendant solely argued that the State exceeded its charging discretion when it added a superfluous charge of theft to the charge of burglary with intent to commit a theft.

¶ 11       At the outset, we note that the defendant did not raise this issue in the trial court, by objecting or raising the issue in a posttrial motion. Generally, a defendant's argument is forfeited on appeal if it was not raised in the trial court. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Raising an issue before the trial court gives the court the opportunity to address the issue and correct any errors. *People v. Jackson*, 391 Ill. App. 3d 11, 37 (2009). Here, the trial court was not given the

opportunity to address the defendant's alleged error, and the defendant has forfeited the issue on appeal. Further, the defendant has failed to request plain error review in his briefs. See *People v. Hillier*, 237 Ill. 2d 539, 545-46 (2010).

¶ 12       Nonetheless, we would be remiss if we did not address the nonsensical nature of the defendant's argument. The defendant states, "Where there exists a general statutory provision and a specific statutory provision, either in the same or another act, which both relate to the same subject, the specific provision controls and should be applied. *People v. Villarreal*, 152 Ill. 2d 368, 379 (1992)." In making this argument, the defendant relies on two cases, *People v. Hale*, 2012 IL App (4th) 100949, and *People v. Warrington*, 2014 IL App (3d) 110772, which both concern defendants who were charged with threatening a public official, when they should have been charged with the more specific provision of threatening a law enforcement officer. The defendant argues that, here, burglary is the specific provision and theft is the general provision, so he could not be charged with both.

¶ 13       However, the issue, here, does not concern a specific statutory provision versus a general statutory provision. Instead, burglary and theft are two separate offenses, requiring separate acts and elements. Our court has previously stated:

> "Burglary, in general and as charged in this case, is a *fait accompli* the moment defendant makes an unauthorized entry with the requisite intent regardless of whether a subsequent felony or theft is ever committed. It is the entry coupled with the intent to commit the theft or felony that completes the burglary. Once the burglary was complete, defendant then committed the theft. A separate act; a separate offense. ***

4

*** [I]t is important to note that the supreme court has never said that one cannot be convicted of both burglary and theft where one commits a burglary by entering a building with the intent to commit a theft and, once inside, actually commits a theft." *People v. Poe*, 385 Ill. App. 3d 763, 766-67 (2008).

The court in *Poe* illustrated this by the following hypothetical:

"Suppose that the defendant was charged with burglary 'in that he knowingly and without authority entered a building of XYZ, Inc. with the intent to commit therein a felony, to wit: a rape,' and was also charged in count II with rape. Would anyone seriously argue that because intent to commit rape was referred to as the predicate for the burglary charge, that the defendant could not be convicted of both burglary and the rape, assuming proof of the requisite intent upon entry into the building?" *Id.* at 770.

We could cite innumerable cases where the court has allowed convictions for both burglary and theft to stand. See, *e.g.*, *id.*; *People v. Bridgewater*, 388 Ill. App. 3d 787 (2009); *People v. Holt*, 2019 IL App (3d) 160504-B. To now say that charging and convicting a defendant of both burglary and theft is superfluous would be absurd.

¶ 14                                    III. CONCLUSION

¶ 15        The judgment of the circuit court of Iroquois County is affirmed.

¶ 16        Affirmed.